THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR ROMAN-MONTANEZ**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**EL PUEBLO DE PUERTO RICO,**<br><br>    **Defendant.** | **Civil No. 20-1320 (ADC)** |

**OPINION AND ORDER**

On July 7, 2020, Héctor Román-Montañez ("plaintiff") filed a complaint against "Pueblo de Puerto Rico" seeking habeas corpus relief. **ECF No. 1**. The Clerk of Court issued a notice of defective filing whereby the Clerk of Court explained both in the English and Spanish language that plaintiff's "pleading or document is not in the English language and petitioner has not moved for permission to file pleading in the Spanish language. L.Civ.R. 5." **ECF No. 2**. Plaintiff filed a motion in the Spanish language basically requesting permission to proceed with the case in the Spanish language and then filed several motions. **ECF Nos. 3, 4, 5, 6**. Once again, the Clerk of Court issued a notice of defective filing indicating that plaintiff's filings were defective because they were not in the English language. **ECF No. 8**. The Court granted plaintiff 45 days to comply with this Court's English language requirements and forewarned plaintiff that failure to submit certified translations or refile his pleadings in the English language would entail dismissal. Specifically, the Court explained that it was "unable to entertain the motions… filed

in the Spanish language. All pleadings before the Court must be in the English language. See L. Civ. R. 5(g); 48 U.S.C. § 864. Petitioner is granted 45 days from the issuance of this order to file certified translations or refile his pleading and motions in the English language. Failure to comply would entail dismissal under the above cited legal dispositions." **ECF No. 7**. Plaintiff failed to comply with the Court order but, instead, once again moved for permission to proceed in this District Court in the Spanish language. **ECF No. 9**.

Pursuant to 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." Local Rule 5(g) requires that "[a]ll documents not in the English language which are presented or filed, whether as evidence or otherwise, must be accompanied by a certified translation into English prepared by an interpreter certified by the Administrative Office of the United States Courts." The United States Court of Appeals for the First Circuit requires strict enforcement of the English language requirement where the untranslated document is key to the outcome of the proceedings. *Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58, 67 (1st Cir.2008). Allowing non-English document would be "at odds with the premise of a unified and integrated federal courts system." *Id.* Therefore, district courts should not consider such documents. *González–De–Blasini v. Family Department*, 377 F.3d 81, 89 (1st Cir.2004).

Plaintiff has failed to comply with 48 U.S.C. § 864, as well as L. Civ. R. 5(g), and this Court's orders. The Court allotted plaintiff plenty of time to comply with this Court's English language rule, yet plaintiff remains adamant in his request to proceed in this Court by filing

Spanish language documents, without filing certified translations thereof. The Court explicitly warned plaintiff of the consequences of failure to comply with the basic requirement of filing his pleadings and motions in the English language. Specifically, at **ECF No. 7** the Court explained that "failure to comply would entail dismissal." Plaintiff was also given notice of the need to file in the English language on two separate occasions by the Clerk of Court.

Considering all the above, the fact that plaintiff's pleadings (*see* complaint at **ECF No. 1**) and motion were filed in the Spanish language and the fact that plaintiff reiterates his request to litigate his case in the Spanish language, the Court cannot consider nor entertain plaintiff's pleadings. As such, dismissal of the case is warranted under 48 U.S.C. § 864. Accordingly, the case is hereby dismissed. Clerk of Court is to enter judgment dismissing the case accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 28th day of January, 2021.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**